ANTHONY IANNELLI, Appellant, v. MORRIS MAGGI et al., Copartners Doing Business under the Name of MALMO HOUSE WRECKING Co., Defendants, and SALVATORE FRANKOLINO et al., Respondents.— In April, 1950, defendants Frankolino, owners of a two-story building, entered into a contract with defendants Maggi to demolish the building, which had been seriously damaged by fire about two months previous. Under the terms of the contract the demolition had to be completed by July 1, 1950. The contract provided that the defendants contractors should leave the premises broom clean to the ground level and that "All the salvage shall be the property of the Contractor." The contract also

provided that the owners might re-enter if the demolition were not prosecuted diligently and properly. Plaintiff was invited by the contractors to the demolition site to purchase some lumber. He was also offered some bricks without charge if he carted them away. Plaintiff, while waiting for the lumber, spent two days cleaning and removing bricks. On the third day, May 25, 1950, the demolition progressed to the ground level, except for the west wall, which extended five to six feet above the ground and about nine feet from the cellar floor. A wooden stairway and some window frames were placed against the outside of the wall. The contractors asked plaintiff if he was interested in buying the window frames. Plaintiff, while examining the window frames, suffered injuries when a beam, which rested on top of the wall, fell and struck him. Plaintiff sued the owners and contractors. At the end of plaintiff's case the court dismissed the complaint against defendants owners on the ground that as to them he was a mere licensee. The jury awarded plaintiff the sum of $35,000 against the contractors. Plaintiff appeals from the judgment dismissing the complaint against the owners. Judgment, insofar as appealed from, unanimously affirmed, with costs. The plaintiff was a mere licensee as to the owners. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [See *post,* p. 991.]